UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GOPAL B.,

               Petitioner,

     v.

SERGIO ALBARRAN, et al.,

               Respondents.

No. 1:26-cv-01083-TLN-CKD

**ORDER**

This matter is before the Court on Petitioner Gopal B.'s Motion to Enforce Judgment. (ECF No. 20.) On February 24, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order (ECF No. 2), ordered his immediate release, and enjoined and restrained Respondents from rearresting or redetaining Petitioner absent constitutional protections. (ECF No. 14.) The Court's Order further indicated Respondents may impose any restrictions or conditions to be necessary by a neutral fact-finder at a hearing. (*Id.*)

Petitioner notes in his motion that despite the Court's ruling limiting Respondents to only imposing restrictions or conditions determined to be necessary by the neutral fact-finder at a hearing, U.S. Immigration and Customs Enforcement ("ICE") unilaterally fitted Petitioner with a GPS ankle monitor and enrolled him in the Intensive Supervision Appearance Program ("ISAP") and Alternatives to Detention ("ATD"). (*Id.* at 3.) Petitioner requests the Court enforce its prior

1

Order and order Respondents to remove the GPS ankle monitor, enjoin Respondents from enrolling him in ISAP or ATD, and return his California identification and Employment Authorization Document.  (*Id.*)

Respondents filed a response and supplement.  (ECF Nos. 22, 23.)  In response, Respondents concede the "conditions including the GPS monitor were erroneously entered in [U.S. Department of Homeland Security ("DHS")] records" and do not contest that Petitioner was previously not enrolled in ISAP or ATD.  (ECF No. 22 at 2.)  In the supplement, Respondents note that at Petitioner's March 19, 2026 appointment at the ICE office, his enrollment in ATD was terminated and the GPS ankle monitor was removed.  (ECF No. 23 at 2.)  Respondents further note that an Enforcement and Removal Operations ("ERO") official informed Petitioner that his file has been requested and he can check back for his documents during his next report date on April 17, 2026.  (*Id.*)  Respondents request the Court deny the instant motion, as the requested relief has already been provided.  (*Id.*)

Petitioner filed a reply, noting that at his ICE appointment on March 19, 2026, he was served with paperwork stating that his release was "contingent on his successful enrollment and participation in [ATD][.]"  (ECF No. 24 at 2.)  Petitioner notes this condition was not imposed by the immigration judge in ordering his release on bond.  (*Id.*)  Petitioner further contends Respondents have not yet returned his California identification or Employment Authorization Document, and he is therefore facing current challenges to filing his 2025 tax return and seeking employment.  (*Id.*)  Petitioner asserts he will continue to suffer collateral harms of his detention if his documents are not timely returned.  (*Id.*)

The Court finds Petitioner's arguments persuasive.  Petitioner's counsel submits a declaration with the reply that notes Petitioner was not provided with an interpreter at his March 19, 2026 appointment and "was not sure what had been said as he is not fluent in English."  (ECF No. 24-1 at 3.)  Petitioner does not think he was enrolled in ATD (*id.*), but Petitioner provides the Order of Release on Recognizance given to him at the March 19, 2026 appointment, which indeed states his release is contingent upon his enrollment and successful participation in ATD (ECF No. 24-1 at 5).  As Petitioner notes and Respondents appear to concede in their briefing,

these conditions do not restore Petitioner to the same terms as he was released prior to his detention. *See Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy.").

Accordingly, the Court GRANTS Petitioner's Motion to Enforce Judgment. (ECF No. 20.) Respondents are ENJOINED and RESTRAINED from enrolling Petitioner in ISAP or ATD or any other restrictions or conditions not determined to be necessary by a neutral fact-finder at a hearing. Further, Respondents are ORDERED to return all of Petitioner's documents and possessions, including his California identification and Employment Authorization Document, by March 27, 2026. Respondents shall file a status update with the Court by the end of the day on March 27, 2026, informing the Court about the status of Petitioner's documents.

IT IS SO ORDERED.

Date: March 23, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3