UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GOPAL B.,

   Petitioner,

  v.

SERGIO ALBARRAN, et al.,

   Respondents.

No. 1:26-cv-01083-TLN-CKD

**ORDER**

On March 24, 2026, the Court granted Petitioner Gopal B.'s ("Petitioner") Motion to Enforce Judgment.  (ECF No. 25.)  The Court ordered Respondents to return all of Petitioner's documents and possession, including his California identification and Employment Authorization Document.  (*Id.* at 3.)  On March 27, 2026 and March 30, 2026, Respondents filed status updates with the Court, noting that after searching Petitioner's A-File and T-File and speaking with various deportation and bond officials, they could not locate Petitioner's documents.  (ECF Nos. 26, 27.)  On April 6, 2026, Petitioner filed a response, requesting, among other things, an order requiring Respondents to grant him a fee waiver and expedited processing of a replacement Employment Authorization Document (Form I-765) and financial reimbursement by Respondents for fees associated with the replacement of his California identification.  (ECF No. 29 at 3.)

Petitioner's counsel filed a declaration accompanying this response, attesting that replacement costs for a lost or stolen California identification is currently $46.  (ECF No. 29-1 at 4.) Respondents have not filed any opposition to Petitioner's requests.

District courts have previously ordered immigration officials to issue employment documentation.  *See Xiao v. Reno*, 930 F. Supp. 1377, 1380 (N.D. Cal. 1996) (ordering the former Immigration and Naturalization Service ("INS") to deliver to counsel an employment authorization card for a noncitizen with lawful presence in the United States); *Grijalva v. Ilchert*, 815 F. Supp. 328, 332 (N.D. Cal. 1993) (ordering the INS to provide an employment authorization documents to an asylum applicant).  Courts have noted that where "the equitable jurisdiction of the court has been properly invoked for injunctive purposes, the court has the power to decide all relevant matters in dispute and to award *complete relief*[.]"  *Xiao*, 815 F. Supp. at 1379 (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 399 (1946) (emphasis in original)).  Further, "[t]he power to award complete relief includes the power to award ancillary relief necessary to accomplish complete justice."  *Id.* (internal quotations omitted) (citing *Reebok Int'l, Ltd. v. Marnatech Enter., Inc.*, 970 F.2d 552, 560 (9th Cir. 1992); *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir. 1982)).

Here, where Respondents have admitted to being unable to locate Petitioner's documents after searching and thus cannot comply with this Court's order to return all of Petitioner's documents, expedited replacement of Petitioner's Employment Authorization Document and reimbursement of fees associated with replacement of Petitioner's California identification are necessary to award Petitioner "complete relief."  *Xiao*, 815 F. Supp. at 1379.  Accordingly, Respondents are ORDERED as follows:

1. Respondents shall coordinate with U.S. Citizenship and Immigration Services to reissue Petitioner's Employment Authorization Document (Form I-765) on an expedited basis without any cost to Petitioner; and

2. Respondents shall reimburse Petitioner $46 for the fees associated with replacement of his California identification within seven (7) days after Petitioner furnishes proof of payment to replace his identification.

IT IS SO ORDERED.

Date: April 20, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE