UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GOPAL B.,

           Petitioner,

    v.

SERGIO ALBARRAN, et al.,

           Respondents.

No. 1:26-cv-01083-TLN-CKD

**ORDER**

This matter is before the Court on Petitioner Gopal B.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.

///

///

///

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant habeas action arises out of Petitioner's arrest and detention by immigration authorities without notice or a hearing.[2]  (ECF No. 1.)  On February 24, 2026, the Court granted a Temporary Restraining Order ("TRO") prohibiting Respondents from "continuing to detain Petitioner for more than seven days from the date of this Order without a bond hearing before a neutral fact-finder at which Respondents bear the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk" and ordering Respondents to show cause why the habeas petition should not be granted.  (ECF No. 14 at 10.)  That hearing took place on March 2, 2026, at which an Immigration Judge granted Petitioner release on bond of $7,500.  (ECF No. 15 at 1.)  Due to administrative delays in the immigration court, Respondents did not release Petitioner until March 6.[3]  (ECF Nos. 15, 17, 18.)[4]

On March 4, 2026, Respondents filed an Answer to the Petition for Writ of Habeas Corpus and Response to the Court's Order to Show Cause.  (ECF No. 16.)  Petitioner filed a reply on March 8, 2026.  (ECF No. 19.)

---

[2]   The Court incorporates the factual background set forth in full in the Court's February 24, 2026 Order granting Petitioner's motion for a TRO.  (ECF No. 14.)

[3]   The Court ultimately denied Petitioner's emergency motion to enforce its Order (ECF No. 17) as moot (ECF No. 21).  However, the Court cautions that delays of this type, particularly when they result in the extended detention of persons whose confinement has already been ruled unlawful, are not acceptable.  They can have severe consequences, necessarily inflict irreparable injury on the petitioner, and violate the government's obligation to comply with court orders.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'").

[4]   Petitioner also filed, and the Court granted, a motion to enforce the Court's Order after Respondents imposed post-release conditions upon him which were not ordered by the Immigration Judge, in violation of the Court's directive to only "impose any restrictions or conditions determined to be necessary by the neutral fact-finder at the [bond] hearing."  (ECF Nos. 14, 20.)  Finally, the Court issued yet another Order enforcing its judgment after Respondents were unable to locate Petitioner's identification and work documents.  (ECF No. 30.)  In sum, Respondents repeatedly failed to comply with the Court's directives throughout the life of this case.  Like any other litigant, the government must "take all reasonable steps to ensure compliance with" the Court's orders.  *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

## II.     STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     ANALYSIS

Petitioner challenges his detention without notice or a hearing as violating his due process rights. (ECF No. 1 at 15–16.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies,

3

the question remains what process is due.").

As to step one, the Court finds Petitioner gained a protected liberty interest in his continued freedom when he was released on his own recognizance on or about February 25, 2024.[5] (ECF No. 1 at 5.) This release was an "implicit promise" that Petitioner would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *See Morrissey*, 408 U.S. at 482. Petitioner thus has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Respondents offer no new arguments in opposition to the habeas petition other than those they made in response to Petitioner's motion for a TRO. (ECF No. 16.) In its Order granting the TRO, the Court rejected Respondents' argument that 8 U.S.C. § 1226(c) mandates Petitioner's detention, thereby diminishing his liberty interest, because of his arrest for violation of California Penal Code § 243(d), felony battery with serious bodily injury. (ECF No. 14 at 6.) In that Order, the Court stated that it was "not persuaded at this juncture about the application of § 1226(c) to Petitioner's case." (*Id.*) Respondents have offered no additional legal authority, argument, or supervening factual developments which would cause the Court to reconsider its conclusions.[6] (ECF No. 16.)

As to step two, the Court has considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and finds that Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted. First, Petitioner has a substantial private interest in his own freedom adversely affected by the Government's actions to detain him. Second, the risk of this interest being erroneously deprived is considerable because Petitioner

[5] Petitioner states that he "turned himself in to immigration officials at or near the border on February 23, 2024. Immigration officials processed him for removal proceedings and released him within approximately two days." (ECF No. 1 at 6.)

[6] Having found 8 U.S.C. § 1226(c) does not apply to Petitioner's detention, the Court once again "declines to consider the parties' arguments . . . about whether Petitioner's detention under § 1226(c) is constitutional." (*Id.* at 6 n.3.)

received virtually no procedural safeguards to ensure his detention was justified.  Third, the Government has shown no legitimate interest in Petitioner's detention absent procedural protections, and the cost and time of procedural safeguards are minimal.  Upon consideration of these factors, the Court finds Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted.  He received neither.

Accordingly, the Court finds Petitioner's detention without notice or a hearing violated due process.

**IV.     CONCLUSION**

IT IS HEREBY ORDERED:

1.     Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.     Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show that circumstances have materially changed  such that: (a) there exists a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) there is clear and convincing evidence that the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.     The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 12, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE